28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Winston BLAKE, Defendant/Appellant.
 No. 93-3834.
 United States Court of Appeals, Seventh Circuit.
 Argued June 7, 1994.
Decided July 11, 1994.
 
 Before CUMMINGS, ALARCON,* EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 At the close of oral argument, we affirmed the judgment of the district court from the bench pursuant to 7th Cir.R. 53(c)(2). In this order we set forth the reasons that support our judgment.
 
 
 2
 The district court sentenced Winston Blake to a term of 188 months' imprisonment for kidnapping and conspiracy to kidnap, and a term of 60 months to run consecutively for the use of a firearm during a violent crime. Blake contends that the district court erred in enhancing his sentence by four levels for his leadership role under section 3B1.1(a) of the United States Sentencing Guidelines. He further contends that the district court erroneously failed to provide him a two level sentencing reduction under section 3E1.1(a) for acceptance of responsibility. We review each contention for clear error. See United States v. Colello, 16 F.3d 193, 195 (7th Cir.) (district court's determination regarding defendant's role as organizer or leader is a factual finding reviewed for clear error), cert. denied, 1994 U.S. LEXIS 4264 (May 31, 1994); United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir.1993) (determination of sentencing judge is entitled to great deference when evaluating a defendant's acceptance of responsibility and is reviewed for clear error).
 
 
 3
 The record shows that Blake directed more than five individuals to kidnap Bowden, take him to appellant's residence, break the victim's legs, purchase handcuffs, and tie him up in the basement. The evidence also established that Blake claimed he had a right to the largest share of the money taken from the victim. These facts amply demonstrate that the district court's finding that Blake was an organizer or leader is not clearly erroneous.
 
 
 4
 Blake's contention that the district court erred in denying his motion for a reduction for acceptance of responsibility based on his plea of guilty is equally devoid of merit. Blake did not offer to plead guilty until after the Government presented overwhelming evidence to the jury that he was guilty as charged. Furthermore, his offer to provide assistance to the Government was made after the Government demonstrated it could meet its burden of persuasion. The district court's finding that Blake was "acting in his self-interest," to escape greater punishment, rather than accepting responsibility for his conduct when he offered to plead guilty is not clearly erroneous. Because Blake did not attempt to accept responsibility in a timely manner and "wait[ed] to see the government's cards" before offering to plead guilty, he is not entitled to a sentencing reduction for acceptance of responsibility. Tolson, 988 F.2d at 1498-99.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit, sitting by designation